UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

LOUIS VUITTON MALLETIER     )
19 East 57th Street     )
New York, New York 10022,     )
     )
     Plaintiff,     )     Case No.:
     )
     vs.     )
     )
VARIOUS JOHN DOES NOS. 1-300,     )
and XYZ COMPANIES NOS. 1-20,     )
     )
     Defendants.     )
     )

## COMPLAINT

Plaintiff, through its undersigned attorneys, complaining of defendants, alleges as follows:

### COUNT I

### Jurisdiction and Venue

1.     This claim arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051, et seq., particularly under 15 U.S.C. § 1114(1), and is for the infringement of trademarks registered in the United States Patent and Trademark Office.  This Court has jurisdiction over the subject matter of this claim pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

### The Parties

2.     Plaintiff Louis Vuitton Malletier ("Louis Vuitton") is a societe anonyme duly organized and existing under the laws of France, and having an office and principal place of business in Paris, France.  Plaintiff, Louis Vuitton is a corporation duly organized and existing under the laws of the state of New York, having an office and principal place of business at 19 East 57th St., New York, New York 10022.

3.      Upon information and belief, defendants various John Does and XYZ Companies ("defendants") are present and doing business in the District of Columbia. Defendants are transacting and doing business in this Judicial District and have committed the acts complained of herein in this Judicial District. Defendants are subject to the jurisdiction of this Court pursuant to the laws of this District and Rule 4 of the Federal Rules of Civil Procedure.

<u>Plaintiff Louis Vuitton's World Famous Trademarks</u>

4.      Plaintiff Louis Vuitton owns the trademarks and trade names "LV", "LOUIS VUITTON" and the Pattern Design Trademarks (hereinafter collectively referred to as the "Vuitton Trademarks"). Plaintiff Louis Vuitton is the exclusive distributor in the United States of Louis Vuitton handbags, luggage and accessories, all of which bear one or more of the Vuitton Trademarks.

5.      Plaintiff Louis Vuitton is responsible for assembling, finishing, marketing and selling in interstate commerce high quality handbags, luggage, accessories and related products for men and women. Plaintiff Louis Vuitton has acquired an outstanding reputation because of the uniform high quality of Louis Vuitton handbags, luggage and accessories. As a result of the extensive advertising of Louis Vuitton in connection with the Vuitton Trademarks, the widespread sale of Louis Vuitton merchandise and the celebrity that Louis Vuitton and the Vuitton Trademarks have achieved, Louis Vuitton handbags, luggage, and accessories, all bearing one or more of the Vuitton Trademarks have been and are now recognized by the public and the trade as originating from a single source, plaintiff Louis Vuitton.

6.      Commencing at least as early as 1932, plaintiff Louis Vuitton adopted one or more of the Vuitton Trademarks for handbags, luggage, accessories and related products and caused said trademarks to be registered in the United States Patent and Trademark Office. At present, Louis Vuitton's U.S. Trademark Registrations include: Registration No. 297,594 of September 20, 1932,

Registration No. 1,045,932 of August 10, 1976, Registration No. 1,519,828 of January 10, 1989, and

Registration No. 2,263,903 of July 27, 1999, Registration No. 2,421,618 of January 16, 2001

Registration No. 2,773,107 of October 14, 2003, and Registration No. 2,828,919 of April 6, 2004

(hereinafter "Plaintiff's Registered Trademarks").  Photocopies of the Plaintiff's Registered

Trademarks are attached hereto Exhibit A.

       7.      The Plaintiff's Registered Trademarks are in full force and effect; and the trademarks

thereof and the goodwill of the business of plaintiff Louis Vuitton in connection with which the

trademarks are used have never been abandoned.  Plaintiff Louis Vuitton intends to continue to

preserve and maintain its rights with respect to the Vuitton Trademarks and the Plaintiff's

Registered Trademarks.

       8.      Louis Vuitton handbags, luggage and accessories, bearing one or more of the

Vuitton Trademarks, by reason of their style, distinctive designs and quality have come to be known

by the purchasing public throughout the United States as being of the highest quality.  As a result

thereof, the Vuitton Trademarks and the goodwill associated therewith are of inestimable value to

plaintiff Louis Vuitton.

       9.      Based on plaintiff Louis Vuitton's extensive sales of Louis Vuitton handbags, luggage

and accessories and the wide popularity of these Louis Vuitton items, the Vuitton Trademarks have

developed a secondary meaning and significance in the minds of the purchasing public and products

bearing such marks and names are immediately identified by the purchasing public with plaintiff

Louis Vuitton.

Defendants' Infringing Activities

       10.      Long after plaintiff's adoption and use of its trademarks on handbags, luggage, and

accessories and long after plaintiff's federal registration of its trademarks, defendants, on

information and belief, commenced the manufacture, distribution, and sale of merchandise bearing

3

counterfeits and infringements of plaintiff's trademarks as those trademarks appear on plaintiff's merchandise and as shown in the U.S. Trademark Registrations owned by plaintiff Louis Vuitton.

11.    On information and belief, the activities of defendants complained of herein constitute willful and intentional infringement of plaintiff's registered trademarks; are in total disregard of plaintiff's rights and were commenced and have continued in spite of defendants' knowledge that the use of any of the trademarks of plaintiff or a copy or a colorable imitation thereof, was and is in direct contravention of plaintiff's rights.

12.    The use by defendants of a copy of the trademarks of the plaintiff has been without the consent of plaintiff; is likely to cause confusion and mistake in the minds of the purchasing public and, in particular, tends to and does falsely create the impression that the goods sold by defendants are authorized, sponsored, or approved by plaintiff when, in fact, they are not.

13.    Plaintiff has no adequate remedy at law, and is suffering irreparable harm and damages as a result of the acts of defendants as aforesaid in an amount thus far not determined, but believed to be in excess of Twenty-Five Thousand Dollars ($25,000).

<u>COUNT II</u>

<u>Jurisdiction and Venue</u>

14.    This claim arises under the provisions of the Trademark Act of 1946, 15 U.S.C. § 1051, <u>et seq.</u>, particularly under 15 U.S.C. § 1125(a) and alleges the use in commerce of false designations of origin and false descriptions and representations.  This Court has jurisdiction over the subject matter of this claim pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

15.    Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 13 hereof, as if fully set forth herein.

16.     Defendants have affixed, applied, or used in connection with their sale of goods, false designations of origin and false descriptions and representations, including words or other symbols which tend falsely to describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of plaintiff.  In particular, the sale by defendants of goods incorporating counterfeits of plaintiff's trademarks constitutes false descriptions and representations tending falsely to describe or represent goods sold by defendants.

17.     Upon information and belief, defendants have sold handbags, luggage and accessories bearing counterfeit copies of the trademarks of the plaintiff with the express intent to cause confusion and mistake, to deceive and mislead the purchasing public, to trade upon the reputation of the plaintiff and to improperly appropriate the valuable trademark rights of plaintiff.

18.     Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage as a result of the acts of defendants complained of herein in an amount thus far not determined, but believed to be in excess of Twenty Five Thousand Dollars ($25,000).

## COUNT III

### Jurisdiction and Venue

19.     This claim arises under the common law of the District of Columbia relating to unfair competition.  This Court has jurisdiction over the subject matter of this claim pursuant to the provisions of 28 U.S.C. § 1338(b), this being a claim of unfair competition joined with a substantial and related claim under the Trademark Laws of the United States, and under the doctrine of supplemental jurisdiction.

20.     Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 13 and 14 through 18 of this Complaint as if fully set forth herein.

21.     As more fully set forth above, the trademarks of the plaintiff have come to have a secondary meaning indicative of origin, relationship, sponsorship, and/or association with the plaintiff.  The purchasing public is likely to attribute to the plaintiff the use by defendants of copies of the plaintiff's trademarks as a source of origin, authorization and/or sponsorship for defendants' products and, therefore, to buy defendants' products in that erroneous belief.

22.     On information and belief, defendants have intentionally appropriated the trademarks of the plaintiff with the intent of causing confusion, mistake, and deception as to the source of their goods, and with the intent to palm off their goods as those of the plaintiff and to place others in the position to palm off their goods as those of the plaintiff and, as such, defendants have committed unfair competition under the common law.

23.     Plaintiff has no adequate remedy at law and has suffered irreparable harm and damage as a result of defendants' acts as aforesaid in an amount thus far not determined, but believed to be in excess of Twenty Five Thousand Dollars ($25,000).

WHEREFORE, plaintiff demands:

I.     That preliminary and permanent injunctions be issued enjoining defendants and their agents, servants, employees, and attorneys and those persons in active concert or participation with them:

A.     From using any of the trademarks of plaintiff or any mark similar thereto in connection with the sale of any unauthorized goods or the rendering of any unauthorized services;

B.     From using any logo, trade name, or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of defendants or of third parties are sponsored by, authorized by, or in any way associated with plaintiff;

C.  From infringing the plaintiff's Registered Trademarks;

D.  From otherwise unfairly competing with the plaintiff;

E.  From falsely representing themselves as being connected with the plaintiff or sponsored by or associated with the plaintiff or engaging in any act which is likely to falsely cause the trade, retailers and/or members of the purchasing public to believe that defendants, or any one of them, are associated with the plaintiff;

F.  From using any reproduction, counterfeit, copy, or colorable imitation of the trademarks of plaintiff in connection with the publicity, promotion, sale, or advertising of goods sold by defendants including, without limitation, handbags, luggage, accessories and related articles bearing a copy or colorable imitation of any of the plaintiff's Registered Trademarks; and

G.  From affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation including words or other symbols tending to falsely describe or represent such goods as being those of the plaintiff and from offering such goods in commerce.

II.  That defendants be required to account to plaintiff for all profits and damages resulting from defendants' respective infringing activities and that the award to plaintiff be increased as provided for under 15 U.S.C. §1117.

III.  That plaintiff have a recovery from defendants of the costs of this action and plaintiff's reasonable counsel fees.

IV.  That plaintiff have all other and further relief as the Court may deem just and proper under the circumstances.

Dated:  February 2, 2007

Respectfully submitted,

/s/ Stephen R. Smith
Stephen R. Smith
D.C. Bar No. 453719
Ivan J. Snyder
D.C. Bar No. 498461
POWELL GOLDSTEIN LLP
901 New York Avenue, N.W.
Third Floor
Washington, D.C. 20001
202-347-0066
202-624-7222 (Facsimile)

ATTORNEYS FOR PLAINTIFF
Louis Vuitton Malletier

OF COUNSEL:
Brian W. Brokate, Esquire
Angelo E. P. Mazza, Esquire
GIBNEY, ANTHONY & FLAHERTY
665 Fifth Avenue
New York, New York
212-688-5151
212-688-8315 (Facsimile)

::ODMA\PCDOCS\WSH\412793\1

**Exhibit A**

Registered Sept. 20, 1932

Trade-Mark 297,59

SECOND RENEWAL

297,594. "VL" AND DRAWING. Registered Sept. 20,
1932. Vuitton & Vuitton, Société a Responsabilite
Limitee, Paris, France. Renewed Sept. 20, 1932, to
Vuitton & Vuitton, Societe a Responsabilite Limitee,
Paris, France, a corporation organized under the laws
of the Republic of France. Trunks, Valises, Traveling
Bags, Etc. Class 3.

# UNITED STATES PATENT OFFICE

VUITTON & VUITTON, SOCIETE A RESPONSABILITE LIMITEE, OF PARIS, FRANCE

ACT OF FEBRUARY 20, 1905

Application filed April 29, 1931.  Serial No. 312,561.

**BEST AVAILABLE COPY**



## STATEMENT

*To all whom it may concern:*

Be it known that Vuitton & Vuitton, Societe a Responsabilite Limitee, a corporation duly organized under the laws of the Republic of France, located in the city of Paris, France, and doing business at 70 Avenue des Champs-Elysees, in said city, has adopted for its use the trade-mark shown in the accompanying drawing, the representation of a trunk lining, or a section thereof being hereby disclaimed.

The trade-mark has been continuously used in its business since 1897.

The particular description of goods to which the trade-mark is appropriated is TRUNKS, VALISES, TRAVELING BAGS, SATCHELS, HAT BOXES AND SHOE BOXES USED FOR LUGGAGE, HAND BAGS, AND POCKETBOOKS, comprised in Class 3, Baggage, animal equipments, portfolios, and pocketbooks.

The trade-mark is usually displayed by stamping or otherwise impressing same directly upon the goods or by printing or otherwise impressing same on packages containing the goods.

Said trade-mark has been registered in France dated Oct. 29, 1908, renewed Aug. 1928, No. 210,497. Mock & Blum, whose postal address is 10 East 40th Street, New York, N. Y., are designated, as applicant's representative, on whom process or notices in proceedings affecting the right of ownership of said trade-mark brought under the laws of the United States may be served.

VUITTON & VUITTON, SOCIETE
A RESPONSABILITE LIMITEE,
By G. L. VUITTON,
*Managing Director.*

Int. Cl.: 18

Prior U.S. Cl.: 3

Reg. No. 1,519,

## United States Patent and Trademark Office

Registered Jan. 10,

### TRADEMARK
### PRINCIPAL REGISTER



REGISTERED FOR A TERM OF 20 YEARS FROM   Jan. 10, 1989

LOUIS VUITTON (FRANCE CORPORATION)
30 RUE LA BOETIE
PARIS, FRANCE

FOR: TRUNKS, VALISES, TRAVELING
BAGS, SATCHELS, HAT BOXES AND SHOE
BOXES USED FOR LUGGAGE, HAND BAGS,
POCKETBOOKS, IN CLASS 18 (U.S. CL. 3).

FIRST USE 0-0-1897; IN COMMER
0-0-1925.
OWNER OF U.S. REG. NOS. 256,345 A
297,594.

SER. NO. 726,741, FILED 5-6-1988.

CHRIS A. F. PEDERSEN, EXAMINING ATT(
NEY

Certified to be a true copy of the registratio
issued by the United States Patent & Trad
Office, which registration is in full force
and effect. Record title is in   Louis Vui
a France corp.



Attest

MAR 18 1994

M.M. Brown
Attesting Officer

Bruce Lehman

ASSISTANT SECRETARY OF COMMERCE AND
COMMISSIONER OF PATENTS AND TRADEM.

Int. Cl.: 18

Prior U.S. Cl.: 3

Reg. No. 1,045,932

## United States Patent Office

Registered Aug. 10, 1976

### TRADEMARK
Principal Register

## LOUIS VUITTON

Vuitton et Fils S.A.R.L. (French corporation)
18, Rue du Congres
92600 Asnieres, France

For: LUGGAGE AND LADIES' HANDBAGS,
in CLASS 18 (U.S. CL. 3).

First use at least as early as 1875; in commerce at least
as early as 1925.

Ser. No. 60,441, filed Aug. 13, 1975.

B. A. CHAPMAN, Examiner

REGISTERED FOR A TERM OF 20 YEARS FROM    Aug. 10, 1976

COMB. AFF. SEC. 8 & 15

CERTIFIED TO BE A TRUE COPY OF THE REGISTRATION
WHICH IS IN FULL FORCE AND EFFECT WITH NOTATION
OF ALL STATUTORY ACTIONS TAKEN THEREON, AS DIS-
CLOSED BY THE RECORDS OF THE UNITED STATES PATE
AND TRADEMARK OFFICE. SAID RECORDS SHOW TITLE
TO BE IN:  Louis Vuitton Malletier a France corp.

Attest

MAR 18 1994

M.M. Brown
Attesting Officer

Bruce Lehman

ASSISTANT SECRETARY OF COMMERCE AND
COMMISSIONER OF PATENTS AND TRADEMARKS

Renewed for 3rd time for 10 years from    Sept. 20, 1992

COMB. AFF. SEC. 8 & 15

CERTIFIED TO BE A TRUE COPY OF THE REGISTRATION
WHICH IS IN FULL FORCE AND EFFECT WITH NOTATION
OF ALL STATUTORY ACTIONS TAKEN THEREON, AS DIS-
CLOSED BY THE RECORDS OF THE UNITED STATES PATENT
AND TRADEMARK OFFICE. SAID RECORDS SHOW TITLE
TO BE IN:    Louis Vuitton Malletier a France corp.

Attest

MAR 18 1994

M. M. Brown
Attesting Officer

ASSISTANT SECRETARY OF COMMERCE AND
COMMISSIONER OF PATENTS AND TRADEMARKS

Int. Cl.: **18**

Prior U.S. Cls.: **1, 2, 3, 22 and 41**

Reg. No. 2,263,903

## United States Patent and Trademark Office

Registered July 27, 1999

## TRADEMARK
### PRINCIPAL REGISTER



LOUIS VUITTON MALLETIER (FRANCE COR-
PORATION)
2, RUE DU PONT-NEUF
75001 PARIS, FRANCE

FOR: TRUNKS FOR TRAVELLING, SUIT-
CASES, TRAVELLING BAGS, HANDBAGS,
LUGGAGE, COSMETIC CASES SOLD EMPTY,
VANITY CASES SOLD EMPTY, TOILETRY
CASES SOLD EMPTY, BACK PACKS, SHOUL-
DER BAGS, TOTE BAGS, LEATHER SHOP-
PING BAGS, WAIST PACKS, BRIEFCASES, AT-
TACHE CASES, BRIEFCASE-TYPE PORTFO-
LIOS, PURSES, CHANGE PURSES, WALLETS,
KEY CASES, DOCUMENT CASES, BUSINESS
CARD CASES AND BILLFOLDS, IN CLASS 18
(U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 0-0-1985; IN COMMERCE
0-0-1986.

OWNER OF U.S. REG. NOS. 1,655,564, 1,931,144
AND OTHERS.

THE MARK CONSISTS OF A DISTINCTIVE
MAN-MADE TEXTURED PATTERN UTILIZED
AS A SURFACE FEATURE OF APPLICANT'S
VARIOUSLY CONFIGURED PRODUCTS THE
PATTERN IS DISPLAYED IN CONTRASTING
SHADES OF THE SAME COLOR. THE
DARKER SHADE PRESENTED ON THE ELE-
VATED PORTION OF THE SURFACE AND
THE LIGHTER SHADE SERVING AS THE
BACKGROUND OR LOWER SURFACE. THE
LINING SHOWN IS A FEATURE OF THE
MARK AND DOES NOT INDICATE SPECIFIC
COLOR. NO CLAIM IS MADE TO THE
BROKEN LINES WHICH REFLECT THE POSI-
TIONING OF THE MARK. THE DRAWING
SHOWN IN THE APPLICATION DEPICTS A
CHANGE PURSE.

SEC. 2(F).

SER. NO. 75-096,435, FILED 4-30-1996.

TERESA M. RUPP, EXAMINING ATTORNEY

Int. Cl.: 18

Prior U.S. Cls.: 1, 2, 3, 22, and 41

Reg. No. 2,421,618

## United States Patent and Trademark Office

Registered Jan. 16, 2001

## TRADEMARK
### PRINCIPAL REGISTER



LOUIS VUITTON MALLETIER (FRANCE CORPORA-
TION)
54, AVENUE MONTAIGNE
75008 PARIS, FRANCE

FOR: GOODS MADE OF LEATHER OR IMITA-
TIONS OF LEATHER NOT INCLUDED IN OTHER
CLASSES, NAMELY, BOXES OF LEATHER OR
LEATHER BOARD PRINCIPALLY USED FOR TRAV-
EL PURPOSES, ENVELOPES OF LEATHER FOR
MERCHANDISE PACKAGING, TRUNKS, VALISES,
TRAVELING BAGS, TRAVELING SETS FOR CON-
TAINING COSMETICS, JEWELRY AND STA-
TIONERY, GARMENT BAGS FOR TRAVEL, VANITY
CASES, RUCKSACKS, HANDBAGS, BEACH BAGS,
SHOPPING BAGS, SHOULDER BAGS, ATTACHE-

CASES, BRIEF CASES, POUCHES, FINE LEATHER
GOODS, NAMELY, POCKET WALLETS, PURSES,
KEY CASES, BUSINESS POCKET CASES, CREDIT
CARD CASES, CALLING CARD CASES, PARASOLS,
UMBRELLAS, CANES, WALKING-STICK SEATS, IN
CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 6-0-1996; IN COMMERCE 8-0-1996.
PRIORITY CLAIMED UNDER SEC. 44(D) ON
FRANCE APPLICATION NO. 96617953, FILED
3-27-1996, REG. NO. 96617953, EXPIRES 3-27-2006.

OWNER OF U.S. REG. NO. 1,931,144 AND OTH-
ERS.

THE MARK CONSISTS OF A CHECKERED PAT-
TERN OF LIGHT AND DARK BROWN WITH AN
UNUSUAL CONTRAST OF WEFT AND WARP, AND
COLOR IS CLAIMED AS A FEATURE OF THE

2,421,618

MARK. THE PATTERN APPEARS OVER SUBSTAN-
TIALLY THE ENTIRE SURFACE OF THE GOODS.
THE LINING CONSTITUTES A FEATURE OF THE
MARK AND ITSELF DOES NOT INDICATE THE
COLORS DESCRIBED ABOVE THE MATTER
SHOWN IN BROKEN LINES SERVES TO SHOW THE

POSITIONING OF THE PATTERN ON ONE OF THE
GOODS, NAMELY, A WALLET.
  SEC. 2(F).

  SN 75–173,234, FILED 9–27–1996.

TERESA M. RUPP, EXAMINING ATTORNEY

Int. Cls.: 14, 18 and 25

Prior U.S. Cls.: 1, 2, 3, 22, 27, 28, 39, 41 and 50

Reg. No. 2,773,107

## United States Patent and Trademark Office

Registered Oct. 14, 2003

## TRADEMARK
## PRINCIPAL REGISTER



LOUIS VUITTON MALLETIER (FRANCE COR-
PORATION)
2, RUE DU PONT-NEUF
75001 PARIS, FRANCE

FOR: JEWELRY INCLUDING RINGS, BELT
BUCKLES OF PRECIOUS METALS, EARRINGS,
CUFF LINKS, BRACELETS, CHARMS, BROOCHES,
NECKLACES, TIE PINS, ORNAMENTAL PINS, AND
MEDALLIONS; HOROLOGICAL AND CHRONO-
METRIC INSTRUMENTS AND APPARATUS,
NAMELY, WATCHES, WATCH CASES AND
CLOCKS; NUTCRACKERS OF PRECIOUS METALS;
CANDLESTICKS OF PRECIOUS METALS, JEWEL-
RY BOXES OF PRECIOUS METALS, IN CLASS 14
(U.S. CLS. 2, 27, 28 AND 50).

FIRST USE 0-0-1999; IN COMMERCE 0-0-1999.

FOR: TRAVEL BAGS, TRAVEL BAGS MADE OF
LEATHER; LUGGAGE TRUNKS AND VALISES,
GARMENT BAGS FOR TRAVEL, VANITY-CASES
SOLD EMPTY; RUCKSACKS, SHOULDER BAGS,
HANDBAGS; ATTACHE-CASES, BRIEFCASES,
DRAWSTRING POUCHES, POCKET WALLETS,
PURSES, UMBRELLAS, BUSINESS CARD CASES
MADE OF LEATHER OR OF IMITATION LEA-
THER, CREDIT CARD CASES MADE OF LEATHER

OR OF IMITATION LEATHER; CALLING CARD
CASES MADE OF LEATHER OR OF IMITATION
LEATHER, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 0-0-1899; IN COMMERCE 0-0-1899.

FOR: CLOTHING, NAMELY, UNDERWEAR,
SWEATERS, SHIRTS, T-SHIRTS, SUITS, HOSIERY,
BELTS, SCARVES, NECK TIES, SHAWLS, WAIST-
COATS, SKIRTS, RAINCOATS, OVERCOATS, SUS-
PENDERS, TROUSERS, JEANS, PULLOVERS,
FROCKS, JACKETS, WINTER GLOVES, DRESS
GLOVES, TIGHTS, SOCKS, BATHING SUITS, BATH
ROBES, PAJAMAS, NIGHT DRESSES, SHORTS,
POCKET SQUARES; HIGH-HEELED SHOES, LOW-
HEELED SHOES, SANDALS, BOOTS, SLIPPERS,
TENNIS SHOES; HATS, CAPS, HEADBANDS, IN
CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 0-0-1974; IN COMMERCE 0-0-1974.

OWNER OF U.S. REG. NO. 2,177,828.

SER. NO. 76-364,597, FILED 1-31-2002.

RUSS HERMAN, EXAMINING ATTORNEY

Int. Cls.: 14, 18 and 25

Prior U.S. Cls.: 1, 2, 3, 22, 27, 28, 39, 41 and
50

Reg. No. 2,773,107

**United States Patent and Trademark Office**     Registered Oct. 14, 2003

Corrected     OG Date July 20, 2004

## TRADEMARK
## PRINCIPAL REGISTER



LOUIS VUITTON MALLETIER (FRANCE
CORPORATION)
2, RUE DU PONT-NEUF
75001 PARIS, FRANCE
    OWNER OF U.S. REG. NO. 2,177,828.

    FOR: JEWELRY INCLUDING RINGS,
BELT BUCKLES OF PRECIOUS METALS,
EARRINGS, CUFF LINKS, BRACELETS,
CHARMS, BROOCHES, NECKLACES, TIE
PINS, ORNAMENTAL PINS, AND ME-
DALLIONS; HOROLOGICAL AND
CHRONOMETRIC INSTRUMENTS AND
APPARATUS, NAMELY, WATCHES,
WATCH CASES AND CLOCKS; NUT-
CRACKERS OF PRECIOUS METALS;
CANDLESTICKS OF PRECIOUS METALS,
JEWELRY BOXES OF PRECIOUS ME-
TALS, IN CLASS 14 (U.S. CLS. 2, 27, 28
AND 50).
    FIRST USE 0-0-1999; IN COMMERCE
0-0-1999.

    FOR: TRAVEL BAGS, TRAVEL BAGS
MADE OF LEATHER; LUGGAGE
TRUNKS AND VALISES, GARMENT
BAGS FOR TRAVEL, VANITY-CASES
SOLD EMPTY; RUCKSACKS,

SHOULDER BAGS, HANDBAGS; AT-
TACHE-CASES, BRIEFCASES, DRAW-
STRING POUCHES, POCKET WALLETS,
PURSES, UMBRELLAS, BUSINESS CARD
CASES MADE OF LEATHER OR OF
IMITATION LEATHER, CREDIT CARD
CASES MADE OF LEATHER OR OF
IMITATION LEATHER; CALLING CARD
CASES MADE OF LEATHER OR OF
IMITATION LEATHER; * KEY HOLDERS
MADE OF LEATHER OR OF IMITATION
LEATHER *, IN CLASS 18 (U.S. CLS. 1, 2,
3, 22 AND 41).

    FIRST USE 0-0-1899; IN COMMERCE
0-0-1899.

    FOR: CLOTHING, NAMELY, UNDER-
WEAR, SWEATERS, SHIRTS, T-SHIRTS,
SUITS, HOSIERY, BELTS, SCARVES,
NECK TIES, SHAWLS, WAISTCOATS,
SKIRTS, RAINCOATS, OVERCOATS, SUS-
PENDERS, TROUSERS, JEANS, PULL-
OVERS, FROCKS, JACKETS, WINTER
GLOVES, DRESS GLOVES, TIGHTS,
SOCKS, BATHING SUITS, BATH ROBES,

*In testimony whereof I have hereunto set my hand
and caused the seal of The Patent and Trademark
Office to be affixed on July 20, 2004.*

DIRECTOR OF THE U.S. PATENT AND TRADEMARK OFFICE

PAJAMAS, NIGHT DRESSES, SHORTS, POCKET SQUARES; HIGH-HEELED SHOES, LOW-HEELED SHOES, SANDALS, BOOTS, SLIPPERS, TENNIS SHOES; HATS, CAPS, HEADBANDS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 0-0-1974; IN COMMERCE 0-0-1974.

SER. NO. 76-364,597, FILED 1-31-2002.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on July 20, 2004.*

DIRECTOR OF THE U.S. PATENT AND TRADEMARK OFFICE

Int. Cls.: 14, 18 and 25

Prior U.S. Cls.: 1, 2, 3, 22, 27, 28, 39, 41 and 50

Reg. No. 2,828,919

**United States Patent and Trademark Office**     Registered Apr. 6, 2004

## TRADEMARK
### PRINCIPAL REGISTER



LOUIS VUITTON MALLETIER (FRANCE COR-
PORATION)
2, RUE DU PONT-NEUF
75001 PARIS, FRANCE

FOR: PRECIOUS METAL, PRECIOUS METAL
ALLOY, PRECIOUS METAL PLATED, AND PRE-
CIOUS METAL ALLOY PLATED BOXES AND CON-
TAINERS, NAMELY, JEWEL CASES, PURSES,
CIGAR BOXES, CIGARETTE CASES, SNUFF
BOXES, BOXES FOR NEEDLES, BOXES FOR
SWEETMEATS, VASES; POWDER COMPACTS
MADE OF PRECIOUS METAL; JEWELRY, JEWEL-
RY ARTICLES, NAMELY, RINGS, PRECIOUS ME-
TAL, PRECIOUS METAL ALLOY, PRECIOUS
METAL PLATED AND PRECIOUS METAL ALLOY
PLATED KEY RINGS, EARRINGS, CUFFLINKS,
BRACELETS, CHARMS, BROOCHES, CHAINS,
NECKLACES, STICK PINS, NECKLACE LATCHES,
MEDALLIONS, BUCKLES, NAMELY, BUCKLES
FOR CLOTHING, BUCKLES FOR SCARVES, BUCK-
LES FOR HATS, BUCKLES FOR JEWELRY, BUCK-
LES FOR SHOES, BUCKLES FOR BAGS, BUCKLES
FOR BOXES, BUCKLES FOR TRUNKS, BUCKLES
FOR CASES, BUCKLES FOR PURSES, BUCKLES
FOR WALLETS, BUCKLES FOR UMBRELLAS,
BUCKLES FOR CANES, BUCKLES FOR CLOCKS,
CLOCK ARTICLES AND CHRONOMETRIC IN-
STRUMENTS, NAMELY, WATCH STRAPS,
WATCHES, BRACELET WATCHES, MANTLE
CLOCKS, CLOCKS, ALARM CLOCKS, PRESENTA-
TION CASES MADE OF PRECIOUS METAL, AND
WATCH CASES MADE OF PRECIOUS METAL, IN
CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

FIRST USE 0-0-2000; IN COMMERCE 0-0-2000.

FOR: LEATHER AND IMITATION LEATHER
PRODUCTS, NAMELY, LEATHER OR LEATHER
BOARD BOXES USED FOR LUGGAGE; LEATHER
AND IMITATION LEATHER ENVELOPES FOR
PACKAGING AND CARRYING GOODS; TRAVEL
TRUNKS, OVERNIGHT BAGS; TRAVEL GARMENT
BAGS; SUITCASES; LUGGAGE; TOILETRY CASES
SOLD EMPTY; BACK PACKS; HAND BAGS; BEACH
BAGS; SHOPPING BAGS; SHOULDER BAGS; AT-
TACHE CASES; BRIEFCASE-TYPE PORTFOLIO
CASES; BRIEFCASES; SCHOOL BAGS; CLUTCHES;
SMALL LEATHER GOODS, NAMELY, WALLETS,
NON-PRECIOUS METAL CHANGE PURSES,
DRAWSTRING POUCHES, KEY CASES, BUSINESS
AND CREDIT CARD CASES; UMBRELLAS, BEACH
UMBRELLAS, PARASOLS, CANES, SEAT WALK-
ING CANES, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND
41).

FIRST USE 0-0-1998; IN COMMERCE 0-0-1998.

FOR: CLOTHING, NAMELY, SWEATERS,
SHIRTS, BLOUSES, CORSETS, SUITS, VESTS, RAIN-
COATS, SKIRTS, COATS, PANTS, PULLOVERS,
DRESSES, JACKETS, SHAWLS, SCARVES, TIES,
POCKET SQUARES, STRAPS, GLOVES, BELTS,
STOCKINGS, TIGHTS, SOCKS, BODY SUITS, BATH-
ING SUITS AND BATHROBES; SHOES; HEAD-
WEAR, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 0-0-2001; IN COMMERCE 0-0-2001.

PRIORITY CLAIMED UNDER SEC. 44(D) ON
FRANCE APPLICATION NO. 003064917, FILED 11-
16-2000.



OWNER OF U.S. REG. NO. 1,650,162.

THE MARK CONSISTS OF A SOLID BRASS LOCK COMPRISED OF A CLASP WITH A RIVET ON EITHER SIDE, A LOCK PLATE WITH FOUR RIVETS, ONE ON EACH CORNER AND TWO RELEASE MECHANISMS.

SEC. 2(F).

SER. NO. 76-257,137, FILED 5-16-2001.

CHRISIE B. KING, EXAMINING ATTORNEY

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

Louis Vuitton Malletier

**DEFENDANTS**

Various John Does Nos. 1-300 and XYZ Companies Nos. 1-20

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Stephen R. Smith, Esq. and Ivan J. Snyder, Esq.
Powell Goldstein LLP
901 New York Avenue, N.W., Third Floor
Washington, DC 20001

CASE NUMBER   1:07CV00273

JUDGE:  Royce C. Lamberth

DECK TYPE:  TRO/Preliminary Injunctio

DATE STAMP: 02/06/2007

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
◉ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP... FOR PLAINT...**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ A. *Antitrust*
- ☐ 410 Antitrust

○ B. *Personal Injury/ Malpractice*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

○ C. *Administrative Agency Review*
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

◉ D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ E. *General Civil (Other)*   OR   ○ F. *Pro Se General Civil*

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☒ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/* *2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ **530 Habeas Corpus-General** ☐ **510 Motion/Vacate Sentence** | ☐ **442 Civil Rights-Employment** (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | ☐ **895 Freedom of Information Act** ☐ **890 Other Statutory Actions (if Privacy Act)** *(If pro se, select this deck)* | ☐ **152 Recovery of Defaulted Student Loans (excluding veterans)** |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ **710 Fair Labor Standards Act** ☐ **720 Labor/Mgmt. Relations** ☐ **730 Labor/Mgmt. Reporting & Disclosure Act** ☐ **740 Labor Railway Act** ☐ **790 Other Labor Litigation** ☐ **791 Empl. Ret. Inc. Security Act** | ☐ **441 Voting (if not Voting Rights Act)** ☐ **443 Housing/Accommodations** ☐ **444 Welfare** ☐ **440 Other Civil Rights** ☐ **445 American w/Disabilities-Employment** ☐ **446 Americans w/Disabilities-Other** | ☐ **110 Insurance** ☐ **120 Marine** ☐ **130 Miller Act** ☐ **140 Negotiable Instrument** ☐ **150 Recovery of Overpayment & Enforcement of Judgment** ☐ **153 Recovery of Overpayment of Veteran's Benefits** ☐ **160 Stockholder's Suits** ☐ **190 Other Contracts** ☐ **195 Contract Product Liability** ☐ **196 Franchise** | ☐ **441 Civil Rights-Voting (if Voting Rights Act)** |

**V. ORIGIN**

◉ **1 Original Proceeding**   ○ **2 Removed from State Court**   ○ **3 Remanded from Appellate Court**   ○ **4 Reinstated or Reopened**   ○ **5 Transferred from another district (specify)**   ○ **6 Multi district Litigation**   ○ **7 Appeal to District Judge from Mag. Judge**

---

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Plaintiff files this claim under 15 U.S.C. 1051, et seq. for trademark infringement and counterfeiting.

---

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    **DEMAND $** [_____] Check YES only if demanded in compla    **JURY DEMAND:**    YES ☐    NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☒    NO ☐    If yes, please complete related case form.
Louis Vuitton Malletier v. Various John Does and XYZ Companies; CA No. 04-0041 (RCL)

DATE  2/2/07    SIGNATURE OF ATTORNEY OF RECORD  *Stephen R. Smith, JSS*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

     **I.**     COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

     **III.**     CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

     **IV.**     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

     **VI.**     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

     **VIII.**     RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.