UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

LOUIS VUITTON MALLETIER )
)
        Plaintiff, )
)          **273**
        vs. )
)   Case No.: 07-0723 (RCL)
VARIOUS JOHN DOES NOS. 1-300, )
and XYZ COMPANIES NOS. 1-20, )
)
        Defendants. )
)

## PRELIMINARY INJUNCTION ORDER

This action having been commenced by Plaintiff Louis Vuitton Malletier ("Louis Vuitton")

on February 6, 2007 against defendants alleging trademark infringement of Plaintiff's trademarks

and charging defendants with trademark infringement and unfair competition, and defendants D.C.

Styles, Inc., Georgetown Cutting-Edge Gallery, and Juanita Cook having been served on April 19,

2007, and defendants Abdul H. Ganizado and John Burney having been served on June 6, 2007,

(hereinafter collectively referred to as "Defendants"), with a Summons, copy of the Complaint;

Plaintiff's Ex Parte Motion for a Supplemental Show Cause Order and Seizure Order, and

supporting declarations; Supplemental Seizure Order, and Order To Show Cause signed by Judge

Lamberth on March 7, 2007, and accompanying papers; and

It appearing to the Court that it has jurisdiction over the subject matter of this action, over

the Plaintiff and over the Defendants; and

The Court having considered the Complaint and the exhibits thereto, the Plaintiff's Order to

Show Cause and accompanying papers and there being no opposition from Defendants;

NOW, THEREFORE, it is hereby ORDERED as follows that:

(1)  Defendants and their respective officers, agents, servants, employees and attorneys, and all persons in active concert and participation with him is hereby restrained and enjoined, pending termination of this action:

(a)  From using the "LV", "LOUIS VUITTON", and Pattern Design Trademarks as shown on U.S. Trademark Registrations, including but not limited to: Registration No. 297,594 of September 20, 1932, Registration No. 1,045,932 of August 10, 1976, Registration No. 1,519,828 of January 10, 1989, Registration No. 2,263,903 of July 27, 1999, Registration No. 2,421,618 of January 16, 2001, Registration No. 2,773,107 of October 14, 2003, and Registration No. 2,828,919 of April 6, 2004 (hereinafter "Plaintiff's Registered Trademarks"), or any marks similar thereto in connection with the sale of any unauthorized goods or the rendering of any unauthorized services;

(b)  From possessing, receiving, manufacturing, distributing, advertising, promoting, returning, offering for sale or otherwise disposing of in any manner, holding for sale or selling any goods, labels, tags, logos, decals, emblems, signs, and other forms of markings, any packaging, wrappers, pouches, containers and receptacles, and any catalogs, price lists, promotional materials and the like bearing a copy of colorable imitation of Plaintiff's trademarks;

(c)  From using any logo, trade name, or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the services or products of defendant are sponsored by, authorized by, or in any way associated with the Plaintiff;

(d)  From infringing Plaintiff's Registered Trademarks;

(e)  From otherwise unfairly competing with Plaintiff;

(f)  From falsely representing himself as being connected with Plaintiff or sponsored by or associated with Plaintiff;

2

(g)     From using any reproduction, counterfeit, copy, or colorable imitation of the trademarks of Plaintiff in connection with the publicity, promotion, sale, or advertising of goods sold by defendants including, without limitation, purses, handbags, wallets and accessories bearing a copy or colorable imitation of Plaintiff's trademarks;

(h)     From affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent such goods as being those of Plaintiff and from offering such goods in commerce;

(i)     From using any trademark or trade name in connection with the sale of any goods which may be calculated to falsely represent such goods as being connected with, approved by or sponsored by Plaintiff; and

(j)     From destroying, altering, disposing of, concealing, tampering with or in any manner secreting any and all business records, invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to the manufacture, advertising, receiving, acquisition, importation, purchase, sale or offer for sale, or distribution of any merchandise bearing the Plaintiff's trademarks.

(2)     Defendant, his officers, agents, servants, employees and attorneys and all persons in active concert or participation with him are hereby enjoined, pending the final hearing and determination of this action, from transferring, discarding, destroying or otherwise disposing of the following in the possession, custody or control of the Defendant:

(a)     All merchandise bearing any copy or counterfeit of the LV, LOUIS VUITTON or Pattern Design Trademarks or any markings substantially indistinguishable therefrom;

3

Case 1:07-cv-00273-RCL    Document 19-2    Filed 08/10/2007    Page 4 of 5

(b)     All labels, tags, logos, emblems, signs, and other forms of markings, all packaging, wrappers, pouches, containers and receptacles, and all advertisements, catalogs, price lists, guarantees, promotional materials and the like bearing any copy or counterfeit of the Plaintiff's trademarks or any markings substantially indistinguishable therefrom, and all plates, molds, dies, tooling, machinery, assembly equipment and other means of making the same; and,

(c)     All books and records showing:

(i)     Defendant's manufacture, receipt and sale of merchandise bearing the aforesaid trademarks either by reference to such trademarks or by style or code number or otherwise; and,

(ii)     Defendant's manufacture, receipt and sale of any labels, tags, logos, decals, emblems, signs, and other forms of markings, any packaging, wrappers, pouches, containers and receptacles, and any catalogs, price lists, guarantees, promotional materials and the like bearing the aforesaid trademarks, either by reference to such trademarks or by style or code number or otherwise.

(3)     This Preliminary Injunction Order is issued without the posting by Plaintiff of any additional bond.

(4)     The parties may take immediate and expedited discovery without regard to the time limitations set forth in Rules 30, 33, 34 and 36 of the Federal Rules of Civil Procedure.

(5)     The Supplemental Seizure Order of March 7, 2007, is hereby confirmed, and the counterfeit goods seized pursuant to the Court's Supplemental Seizure Order of March 7, 2007, may be destroyed, as provided for in 15 U.S.C. 1118.

Case 1:07-cv-00273-RCL   Document 19-2

Dated: _____ 8/9/07          SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF COLUMBIA

. ODMA\PCDOCS\WSH\428881\1